Breitel, J. (dissenting in part).
I quite agree with all hut one feature of the majority determination, that dealing with the retirement award. While that feature may seem a small part of the collective bargaining agreement negotiated and executed, it has, as a precedent, marked significance in the relations between public employers and employees and critical impact on public retirement systems. Moreover, the retirement feature is one that falls in an area where government has been especially concerned because of accumulating economic burdens on retirement systems and the public fisc out of which some or all retirement reserves come. Indeed, the condition has become so critical that the Legislature in recent sessions has, as is publicly known, invoked a [1] ‘ freeze ’ ’ on the general increase of retirement benefits.
As did two dissenting Justices at the Appellate Division, I conclude that the collective bargaining provision granting to retiring teachers a salary increase for their terminal year is invalid. Unlike the dissenting Justices, however, I do not find that the provision violates constitutional limitations on making gifts (N. Y. Const., art. VII, § 8, subd. 1); but do find in agreement with the dissenters that it is invalid because it violates applicable statute law.
Article XXI of the collective agreement reads:
1 £ Retirement Award
“Bach teacher who hereafter indicates his intention to retire one year prior to such retirement under the New York State Teachers Retirement System or whose retirement is mandatory under such system shall receive at the start of the last school year of service a salary increase for that year equal to 5/10 of 1% (0.5%) of his current salary multiplied by the number of years of service in this school district, such salary increase not to exceed $1500.”
Preliminarily, the provision is entitled as a “ retirement award ’ ’, and, therefore, the parties so regarded it. Moreover, it reads as a retirement formula would with a fraction determined by years of service as a numerator and the current salary as a base.
Section 113 of the Retirement and Social Security Law forbids any municipality from creating any retirement system for its *134 officers or employees (subd. a). Section 526 of the Education Law provided since the merger of school retirement systems into the State system in 1923 for the abolition and discontinuance of local school retirement systems.
The “retirement award” provided by the collective agreement violates both statutes. Nor may the provision be regarded simply as a salary increase payable out of funds available to the school district. Its pivotal effect, by increasing final average salary in determining retirement allowances, is to increase the allowances payable by the State teachers’ retirement system out of its reserves contributed by employers and employees (see, e.g., Education Law, §§ 510, 511, 511-a).
There may be a further consequential effect. Because the agreement, if valid, affects retirement system benefits it may be prospectively binding under the constitutional provision prohibiting the diminishment or impairment of retirement benefits (art. V, .§ 7; Kranker v. Levitt, 30 N Y 2d 574). All this under a locally-negotiated agreement and, of course, subject to arbitration in the event of disputes.
If there were any doubt, and there should be none, that the provision, or its like, has direct bearing on retirement systems, and that “increases” in benefits of precisely this kind have been a matter of deep current concern, the recent enactment of chapter 503 of the Laws of 1971 resolves the doubt. Chapter 503 enacts, among others, a new section 431 to the Retirement and Social Security Law, which reads:
‘ ‘ In any retirement or pension plan to which the state or municipality thereof contributes, the salary base for the computation of retirement benefits shall in no event include any of the following earned or received, on or after April first, nineteen hundred seventy-two:
“ 2. any form of termination pay,
“ 3. any additional compensation paid in anticipation of retirement, or
“ 4. that portion of compensation earned during any twelve months included in such salary base period which exceeds that of the preceding twelve months by more than twenty per centum.”
*135 It is difficult to avoid the conclusion that everyone, including the Legislature, and even the parties to the collective agreement, regard a final year’s salary in anticipation of retirement, as a retirement benefit under a retirement system. That tinkering locally or administratively with such benefits may invoke constitutional limitations on impairment, see Kranker v. Levitt (supra).
To further point the analysis, the State Comptroller in opinions rendered in 1967 and 1968 held invalid, because beyond the statutory power of local boards of education, salary increases for final years in anticipation of retirement (opn. No. 67-355, June 5, 1967, 23 Op. St. Comp., 1967, p. 291; opn. No. 68-232, March 26, 1968, 24 Op. St. Comp., 1968, p. 244).
Obviously, the Taylor Law (Civil Service Law, art. 14) was not intended, and should not have the effect, of overriding the statutes discussed, simply because it authorizes collective bargaining between public employers and employees over the terms and conditions of employment (Civil Service Law, § 204). Otherwise, the whole body of statute and decisional law affecting public employment, penal and civil, would be subject to repeal or revision in public collective agreements so long as there is any effect on ‘ ‘ the terms and conditions of employment ”.
Nor do the strictures apply to any increases in compensation which happen to occur in the final years of employment. The strictures do apply to increases in anticipation of and conditioned on retirement. Which also suggests that the provision is hardly an inducement to continued employment. On the contrary, it is an inducement to retire. To say that the purpose is to induce “ experienced teachers to remain in the employ of the school district ” is to state the contrary of the provision’s effect. Of course, it is irrelevant whether the retirement award promotes or deters earlier retirement, so long as there is no power by local agreement to vary the retirement system’s balanced incentives for encouraging continued employment and at certain points to encourage retirement.
Accordingly, I dissent in part and vote to modify except as to the provision for a retirement award which should be held invalid for the reasons indicated.
*136 Judges Burke, Bergan and Gibson concur with Chief Judge Fuld ; Judge Breitel dissents in part and votes to further modify in a separate opinion in which Judges Scileppi and Jasen concur.
Ordered accordingly.